# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse at Foley Square 40 Centre Street, New York, NY 10007 Telephone: 212 857-8500**

## MOTION INFORMATION STATEMENT

**Docket Number(s): 17-676**                **Caption: U.S.A. v. Lambus (Fuller)**

**Motion For:** Stay of release pending appeal.

**Set forth below precise, complete statement of relief sought:** The government moves for a stay of Fuller's release pending its appeal of the district court's order granting Fuller bail pending trial.

**Moving Party:** USA (Appellant)                **Opposing Party:** Stanley Fuller (Defendant-Appellee)

**Moving Attorney:**        **BRIDGET M. ROHDE**                **Opposing Attorney:**        James Kousouros, Esq.
                           Acting United States Attorney                                         22nd Floor
                           Eastern District of New York                                          260 Madison Avenue
                           271 Cadman Plaza East                                                 New York, NY 10016
                           Brooklyn, New York 11201                                              (212) 532-1934

                    **By:**   David C. James, AUSA                                               jk5665@aol.com
                           718-254-6282
                           david.james@usdoj.gov

**Court-Judge/Agency appealed from:** The Honorable Jack B. Weinstein, U.S.D.J., E.D.N.Y.

**Please check appropriate boxes**

Has movant notified opposing counsel (**required by Local Rule 27.1**):
☒Yes  ☐ No (explain):
Opposing counsel's position on motion:
☐ Unopposed  ☒ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL**
Has request for relief been made below?  ☒ Yes ☐ No
Has this relief been previously sought in this Court?  ☐ Yes ☒ No
Requested return date and explanation of emergency:

Current stay expires March 15, 2017.

**Is oral argument** on motion requested?        ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has **argument** date of appeal been set?        ☐ Yes ☒ No   If yes, enter date:

**Signature of Moving Attorney:**

_____/s/_____        **Date:** 3/13/17        Has service been effected? ☒Yes  ☐ No [Attach proof of service]
DAVID C. JAMES

## ORDER

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED DENIED**

**FOR THE COURT:**
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date:                                            By:

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

- - - - - - - - - - - - - - - - - -X

                                        D E C L A R A T I O N

USA v. Lambus (Fuller)                  Docket No. 17-676


- - - - - - - - - - - - - - - - - -X

        DAVID C. JAMES declares, pursuant to 28 U.S.C. § 1746:

        1.  I am an Assistant United States Attorney in the Eastern District of New York.  I submit this declaration in support of the government's motion for a stay of the release of the defendant-appellee Stanley Fuller pending this appeal.

        2.  The facts underlying this motion are set forth in the accompanying memorandum.  In brief, the government brings this appeal from an order of the United States District Court for the Eastern District of New York (Weinstein, J.), entered March 7, 2017, releasing Fuller on bail pending trial.  The district court stayed its order until March 15, 2017 to allow the government to pursue an appeal.  The government now moves to extend the stay for the duration of this appeal.

        3.  Our office has conferred concerning the relief sought by this motion with defense counsel, James Kousouros, Esq.  Mr. Kousouros stated that he would not consent to stay of Fuller's release pending the entire appeal.  We then asked whether he would consent to a stay of Fuller's release pending a decision on this motion for a stay.  Mr. Kousouros stated that he would need to consult with his client.  As of this writing,

however, we have not heard back from Mr. Kousouros on that

question.

       4.   For the reasons stated in the accompanying

memorandum, the government's motion for a stay pending appeal

should be granted.

       I declare under penalty of perjury that the foregoing

is true and correct.

Dated:     Brooklyn, New York
            March 13, 2017

                        /s/ David C. James
                        David C. James
                        Assistant U.S. Attorney

To Be Argued By:
LAUREN H. ELBERT

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

Docket No. 17-676

UNITED STATES OF AMERICA,

<u>Appellee</u>,

-against-

KAMEL LAMBUS, also known as KAMEL ANGEVINE, also known as K, also
known as KAMEL ANGENEVINE, SHAVONA TRAPPIER, also known as BOBBY,
SHAKEEM POWELL, also known as SHA, TYRAN TROTTER, also known as TY,
also known as TERRY, also known as TERROR, SEAN BRABRAM, also known as
GRINCH, also known as LYE, TYRONE THOMAS, also known as POP, FNU LNU,
SCOTT WILLIAMS, EARL DAVIS, also known as CHOICE, MICHAEL SCOTT, also
known as ROSS, ANDRE MITCHELL, also known as DRE, also known as
BRIGHT, HENRY CURRY, also known as JUNIOR, KASH,

<u>Defendants</u>,

STANLEY FULLER, also known as WARDY, also known as WEBO,

<u>Defendant-Appellee</u>.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

MOTION BY THE UNITED STATES FOR A STAY

BRIDGET M. ROHDE,
<u>Acting United States Attorney</u>,
<u>Eastern District of New York</u>
271-A Cadman Plaza East
Brooklyn, New York 11201
(718) 254-7000

DAVID C. JAMES,
LAUREN H. ELBERT,
<u>Assistant United States Attorneys</u>,
    <u>(Of Counsel)</u>.

i

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT...........................................1

STATEMENT OF FACTS..............................................3

ARGUMENT - THE GOVERNMENT'S MOTION FOR
           A STAY SHOULD BE GRANTED.............................5

CONCLUSION.....................................................9

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

Docket No. 17-676

UNITED STATES OF AMERICA,

<u>Appellee</u>,

-against-

KAMEL LAMBUS, also known as KAMEL ANGEVINE, also known as K,
also known as KAMEL ANGENEVINE, SHAVONA TRAPPIER, also known as
BOBBY, SHAKEEM POWELL, also known as SHA, TYRAN TROTTER, also
known as TY, also known as TERRY, also known as TERROR, SEAN
BRABRAM, also known as GRINCH, also known as LYE, TYRONE THOMAS,
also known as POP, FNU LNU, SCOTT WILLIAMS, EARL DAVIS, also
known as CHOICE, MICHAEL SCOTT, also known as ROSS, ANDRE
MITCHELL, also known as DRE, also known as BRIGHT, HENRY CURRY,
also known as JUNIOR, KASH,

<u>Defendants</u>,

STANLEY FULLER, also known as WARDY, also known as WEBO,

<u>Defendant-Appellee</u>.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

BRIEF FOR THE UNITED STATES

<u>PRELIMINARY STATEMENT</u>

The United States has brought this appeal, pursuant to

18 U.S.C. §§ 3145(c) and 3731 and Rule 9(a) of the Federal Rules

2

of Appellate Procedure, from an order entered on March 7, 2017 in the United States District Court for the Eastern District of New York (Weinstein, J.), granting defendant-appellee Stanley Fuller's motion for release on bail pending trial. The district court stayed Fuller's release until March 15, 2017. The government now moves to extend the stay for the duration of this appeal. For the reasons set forth below and in the government's merits brief, the government's motion should be granted.

STATEMENT OF FACTS

The government respectfully refers the Court to its merits brief for a full statement of the facts. In summary, Fuller was a supplier of heroin to a drug trafficking organization and gang known as POV City or Paper Chasing Goons, a group responsible for the distribution of significant quantities of heroin in the South Jamaica neighborhood of Queens. Fuller is charged in a superseding indictment with conspiracy to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). The count carries a mandatory minimum term of 10 years' imprisonment.

Fuller was arrested on July 8, 2015. The case was assigned to Judge Jack B. Weinstein and Magistrate Judge Marilyn D. Go. On August 26, 2015, Magistrate Judge Go heard Fuller's application for bail pending trial, and after a hearing, denied Fuller's motion on the ground that no condition or combination of conditions would ensure that he would not pose a danger to the community, specifically that he would refrain from conduct in relation to the drug trafficking organization he led. (GA 80-82).[1]

---

[1]     "GA" and "DE" refer to the government's appendix, filed along with its merits brief, and entries on the district court's docket, respectively.

4

On February 6, 2017, Fuller moved before Judge Weinstein to vacate Magistrate Judge Go's order and grant bail. (GA 21-47). At the hearing on defendant's motion for release on February 15, 2017, both the government and a United States Pretrial Services officer objected to Fuller's release on any conditions, given his criminal history, the charges he faced, and the lack of an appropriate residence. The court announced that it would grant bail without making any finding that Fuller was not a danger to the community. (GA 116). The government requested a stay of Fuller's release in order to allow time to appeal; the court granted a three-week stay. (GA 116-17). The court subsequently extended the stay until March 15, 2017. (DE 382).

ARGUMENT

THE GOVERNMENT'S MOTION
FOR A STAY SHOULD BE GRANTED

"Four criteria are relevant in considering whether to issue a stay of an order of a district court . . . pending appeal: the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest." Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir. 2002) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); see also In re Seizure of All Funds, 58 F.3d 855, 856 (2d Cir. 1995) (citing LaRouche v. Kezer, 20 F.3d 68, 72 (2d Cir. 1994)). Based upon these criteria, the government's motion should be granted.

First, for the reasons set forth in the government's merits brief, the government has a strong chance of prevailing on this appeal. This Court has in the past repeatedly reversed decisions by Judge Weinstein to release defendants who pose a danger to the community.[2] Here, despite the applicability of the presumption against release set forth in 18 U.S.C. § 3142(e)(3)(A), Judge Weinstein ordered Fuller released without making any findings regarding whether Fuller posed a danger to the

---

[2]    See United States v. Dono, 275 F. App'x 35 (2d Cir. 2008); United States v. Ferranti, 66 F.3d 540 (2d Cir. 1995); United States v. Orena, 986 F.2d 628, 631 (2d Cir. 1993); United States v. Colombo, 777 F.2d 96, 97-98 (2d Cir. 1985).

community or acknowledging that there was a statutory presumption of detention under 18 U.S.C. § 3142(e)(2)(A) because Fuller was charged with a drug trafficking offense carrying a maximum sentence of ten years or more.

Moreover, as the government argues in its merits brief, each of the statutory factors in 18 U.S.C § 3142(g) weighs in favor of Fuller's detention. He was indicted in connection with his leadership role of a drug trafficking organization that was responsible for distributing large quantities of heroin. The weight of the evidence against him is strong and includes a series of explicit recorded telephone calls with Kamel Lambus, a leader of the heroin distribution network, discussing the quality and demand for the heroin Fuller was providing. (See GA 49-51).

Of particular significance, Fuller has a 2014 New York State conviction for witness tampering, which indicates that he poses a substantial threat of witness tampering or obstruction of justice in this case. Moreover, Fuller's record strongly suggests that pretrial supervision is unlikely to be a meaningful deterrent of criminal activity. Fuller participated in the charged drug conspiracy while on probation for his witness tampering conviction. He also has at least one prior revocation of supervision in the state courts and several prior bench warrants.

(GA 71-72, 103).  And, in addition to his witness tampering conviction, Fuller has five other criminal convictions.  (GA 104).

In short, the seriousness of the offense, the strength of the evidence, the defendant's personal characteristics, and the risk of danger to the community in the form of witness tampering and obstructive conduct, none of which was expressly evaluated by Judge Weinstein, all weigh in favor of detention.

By contrast, the conditions of release ordered by the district court, which mainly consist of home detention with electronic monitoring, are wholly insufficient.  This home detention would take place in the same residence where Fuller was arrested, where he was maintaining a significant amount of cash as well as a significant quantity of narcotics.  Moreover, he would be residing with his fiancée, Tawanda McGriff, with whom he was also residing when he was arrested and who is currently facing narcotics charges of her own in New York State court.  (GA 97, 107).

Finally, the balance of hardships and the public interest weigh in favor of granting a stay of Fuller's release pending this appeal.  The risk that Fuller will tamper with witnesses or otherwise obstruct justice if a stay is denied threatens irreparable injury to the government's case and the integrity of the district court proceedings.  By contrast, granting

8

a stay would not cause a "substantial injury," <u>Reno</u>, 309 F.3d at 100, to Fuller. This appeal can be heard quickly. The government has already filed its merits brief and is prepared to argue the case as soon as Fuller files his responsive brief and the oral argument can be scheduled. Thus, granting the stay need not subject Fuller to an additional, lengthy detention. Finally, given the evidence that Fuller poses a danger to the community, the public interest also favors granting a stay.

9

<u>CONCLUSION</u>

The government's motion for a stay should be granted.

Dated:      Brooklyn, New York
            March 13, 2017

                              Respectfully submitted,

                              BRIDGET M. ROHDE,
                              <u>Acting United States Attorney</u>,
                              <u>Eastern District of New York</u>.

                         By:   /s/ Lauren H. Elbert
                              Lauren H. Elbert
                              Assistant U.S. Attorney

DAVID C. JAMES,
LAUREN H. ELBERT,
<u>Assistant United States Attorneys</u>,
     (<u>Of Counsel</u>).

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 27

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because the motion contains 1,186 words, exclusive of captions, tables and certificates.

2. This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a monospaced typeface using Microsoft Word in 12-point Courier New font.

Dated: Brooklyn, New York
       March 13, 2017

                              /s/ David C. James
                              David C. James
                              Assistant U.S. Attorney